## LAY, RESPONDENT, v. NIXON, APPELLANT.

[Submitted March 22, 1893. Decided January 22, 1894.]

SURETIES—*Appeal bond—Defenses.*—A surety upon an appeal bond cannot maintain in bar to an action upon the bond that his cosurety was in reality the principal, and that he had signed the bond upon the agreement of such cosurety to save him harmless, and that the plaintiff, knowing said facts, had compromised with his said cosurety for one-half of the obligation, and released him from further liability.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION on an appeal bond.  Judgment on the pleading was rendered for the plaintiff below by ARMSTRONG, J.  Affirmed.

*E. P. Cadwell,* for Appellant.

*J. L. Staats,* and *Charles S. Hartman,* for Respondent.

PEMBERTON, C. J.—This is an action on an appeal bond, executed by appellant, and one Kleinschmidt in an appeal to the supreme court in a case in which the respondent recovered judgment against the Gallatin Canal Company, the said appellant and Kleinschmidt being sureties on said bond.  The complaint is such as is ordinarily used in such cases.  The defendant Nixon filed his separate answer, in which he alleges substantially, among other things, that his codefendant, Kleinschmidt, although signing and executing the bond sued on as surety with appellant, Nixon, was in reality the principal; that he (Nixon) signed said bond at the request of said Kleinschmidt, and with the assurance, and under an agreement with, said Kleinschmidt, that the said Kleinschmidt would hold and save him (Nixon) free and harmless from all damages by reason of his signing and executing said bond as cosurety with said Kleinschmidt; that plaintiff well knew all these facts, and, knowing said facts, plaintiff compromised with said Kleinschmidt by receiving payment of one-half of said bond from him, and thereby released said Kleinschmidt from all further liability on said bond.  The appellant pleads these facts in bar of the plaintiff's right of action, and asks that the case be dismissed as to him, and that Kleinschmidt be adjudged the principal in said bond, and that judgment be had against

him for the amount remaining due on said bond, to wit, the one-half thereof claimed to be owing from Nixon. Upon the filing of this answer in the court below the plaintiff filed his motion for judgment on the pleadings, on the ground that the answer did not state facts sufficient to constitute a defense. The court sustained this motion, and the appellant, Nixon, refusing and declining to amend his answer, judgment was rendered against him for the amount claimed. The appellant appeals from the judgment, and the order sustaining the motion for judgment on the pleadings.

The principal cause of complaint of the action of the trial court urged by appellant in his brief is, that the court refused to permit him to litigate the equities alleged in his answer to exist between him and Kleinschmidt, and to have Kleinschmidt adjudged to be the principal in the bond sued on, have the judgment in this case so state, and execution to issue first against him, as provided in section 1293, page 1005, of the Compiled Statutes.

But the answer to this contention is that the answer of appellant does not seek such adjudication and relief. The appellant's answer is a plea in bar to any right of recovery against him in this action, and he asks that he be dismissed with his costs, which would, in effect, leave respondent without remedy against him. In his answer he does not invoke the aid of said section 1293. In his answer appellant denies that plaintiff is entitled to any judgment whatever against him. In his brief his counsel admits that plaintiff is entitled to judgment against appellant. We have here one case made in the answer, and an entirely different one made in the brief and argument in this court. Upon the pleadings in this case we do not see how the court could have consistently done otherwise than it did. The answer set up no sufficient defense, and sought no relief that the court was authorized to give.

The appellant, upon the court's sustaining the motion for judgment on the pleadings, declined to amend his answer so as to have any equities that might exist between himself and Kleinschmidt adjudicated in this case, as provided for by said section 1293.

The judgment and order of the court are affirmed.

*Affirmed.*

HARWOOD, J., concurs.

DE WITT, J.—The district court, upon motion of plaintiff, rendered judgment on the pleadings in his favor. The defendant appeals.

In an action in which the Gallatin Canal Company was plaintiff, and Lewis E. Lay, the plaintiff herein, was defendant, said Lay obtained a judgment against the canal company for eleven hundred and eighty-three dollars and eighty cents. The canal company appealed to this court. Upon that appeal the judgment was affirmed. Appellant duly filed an appeal bond in the sum of two thousand two hundred and seventy dollars and sixty cents, staying execution on the judgment, and providing for the payment of the same if it were affirmed. The sureties on that bond were Albert Kleinschmidt and J. H. Nixon, the defendants in this action.

The said Lay (now plaintiff herein) brings this action, setting forth the above facts, and alleging that his judgment against the canal company has not been paid. He demands judgment against the defendants for the amount of the judgment in the other case, and interest and costs. The defendant Nixon filed a separate answer. He alleges that his codefendant, Kleinschmidt, was the principal owner in, and manager of, the Gallatin Canal Company, and that the appeal bond mentioned was really for said Kleinschmidt; that in the matter of the indebtedness arising upon the bond, by reason of the affirmance of the judgment, Kleinschmidt was in fact principal, and Nixon surety for Kleinschmidt; that Nixon signed said bond with Kleinschmidt upon Kleinschmidt's agreement that he would protect and hold him (Nixon) free and harmless from any loss by reason of said bond, and, if said judgment were affirmed, he (Kleinschmidt) would pay the same from the funds of said canal company; that, after the affirmance of the judgment, Kleinschmidt paid one-half thereof out of the moneys of said canal company, and received from the plaintiff herein, Lay, a full release of all claims against him (Kleinschmidt) on account of the bond; furthermore, that the plaintiff thereupon agreed to dismiss this action against Kleinschmidt, and

to release all claim against him. The answer states that this matter is alleged "by way of affirmative relief, and by way of a plea in bar." The defendant asks judgment that this action may be dismissed as against him, and that Kleinschmidt may be adjudged to be the principal on said bond and indebtedness, and this defendant only the surety, and an execution issue against defendant Kleinschmidt before it issues against this defendant, Nixon.

Upon the filing of this answer, the plaintiff moved for a judgment on the pleadings, as against Nixon, for one-half the amount demanded in the complaint. This motion was made upon the ground that the answer does not state any defense to the cause of action. This motion was by the court granted, and judgment was entered against defendant Nixon for one-half the amount demanded in the complaint. Defendant Nixon appeals.

Defendant's answer is to some extent inconsistent. He pleads certain matter as to the affairs and conduct of Kleinschmidt and plaintiff, which he asserts in his answer is a plea in bar, and he asks to be dismissed. At the same time he asserts in his answer that said same matter is pleaded for the purpose of affirmative relief, and he asks that it be adjudged that Kleinschmidt is the principal, and that he (Nixon) is the surety; and he further asks that execution be issued against Kleinschmidt before it is issued against him (Nixon). He thus seems to concede that he is liable, and wishes the priority of liability settled between himself and Kleinschmidt, under the provisions of section 1293 of the Compiled Statutes. While that section, in my opinion, is not applicable to the facts in the case at bar, yet it seems that the answer, if we read one part of the language, undertook to present the alleged facts for treatment by that section. For these reasons it has seemed to me appropriate to express the following views: By virtue of the statute of this state (Comp. Stats., div. 5, c. 76), one joint debtor, or more, may make a compromise or composition with the creditor of the joint debtors, and such compromise or composition shall be a full and effectual discharge to the debtor, or debtors, making the same, and to them only, of all liability to the creditor. Such compromise or com-

position with one joint debtor, or more, shall not discharge the other debtor or debtors, but shall be deemed to be a payment to the creditor, equal to the proportionate interest of the joint debtor or debtors so discharged; but the provisions of that chapter do not apply to any "debtor or debtors who, by the express terms of the contract upon which the indebtedness exists or arose, was the principal debtor while the other joint debtor or debtors were sureties." (Comp. Stats., div. 5, c. 76, § 1292.) The following section then provides "that upon the rendition of any judgment in any court in this state, if it shall be shown that one or more of the defendants against whom the judgment is to be rendered are principal debtors, and others of the said defendant are sureties of such principal debtor or debtors, the court may order the judgment so to state, and upon the issuance of an execution upon such judgment it shall direct the sheriff to make the amount due thereon out of the goods and chattels, lands and tenements of the principal debtor or debtors, or if sufficient thereof cannot be found within his county to satisfy the same, then that he levy and make the same out of the property, personal or real, of the judgment debtor who was surety." (Comp. Stats., § 1293.)

In the indebtedness to Lay on the appeal bond in question, the principal debtor was the Gallatin Canal Company, and the sureties were Kleinschmidt and Nixon. All three were debtors. Lay originally sued Kleinschmidt and Nixon, sureties. It does not appear, "by the express terms of the contract upon which the indebtedness arose" (§ 1292)—that is, it does not appear by the terms of the appeal bond—that Kleinschmidt was a principal debtor to Lay, and Nixon a surety. On the contrary, it appears by the terms of that contract that Kleinschmidt and Nixon stood in the same relation to Lay, and were joint debtors to him. Therefore, the provisions of chapter 76 apply to Kleinschmidt and Nixon, and one of them could make a separate compromise and composition, and take from Lay a discharge and release. This Kleinschmidt did. He paid one-half the debt, and was discharged in full. This released Kleinschmidt, and was a payment of the debt to the extent of one-half. This occurred after the commencement of

the action.   Plaintiff herein, therefore, cannot take any judgment against Kleinschmidt.   He has released and discharged him, and has agreed to dismiss the suit against him; and this for a valuable consideration.   I am therefore of opinion that section 1293 does not apply to these facts.   That section refers to "one or more of the defendants *against whom the judgment is to be rendered.*"   Judgment is not to be rendered against Kleinschmidt in this action, as shown above.   Therefore, he is not "a defendant against whom judgment is to be rendered." That being true, the method of rendering judgment provided in section 1293 cannot be here applied.   Kleinschmidt is no longer in the case, under the facts set up in the answer, which now, on demurrer, are taken to be true.   The action is now (since the discharge and release of Kleinschmidt) simply against Nixon alone, and in such action that defendant sets up the facts of an alleged claim of his against Kleinschmidt.   Such facts must be litigated, and their legal effect determined, in an action in which Kleinschmidt is a party.   He is not now a party in this action.

Appellant cites to us cases wherein it appeared that one defendant was principal and one was surety, and judgment was entered as provided in section 1293; and he contends that such relation of principal and surety between the defendant debtors may be shown on the trial, without a pleading of the facts, and notwithstanding the statute of frauds as to the requirement of a contract to answer for the default of another being in writing.   We need not review those cases, or treat those propositions, because in none of those cases do the facts appear as herein, namely, that one debtor had been discharged released, and the action against him dismissed, and that the action before the court was proceeding against the undischarged debtor alone.   I am of opinion that the judgment should be affirmed, with costs.